**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4555**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CESAR M. NAVARRO, a/k/a Cesar Navarro,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:17-cr-00002-JPB-MJA-1)

Submitted: April 22, 2019               Decided: April 30, 2019

Before KING and RICHARDSON, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sherman L. Lambert, Sr., THE LAW OFFICES OF SHERMAN L. LAMBERT, SR. PLLC, Shepherdstown, West Virginia, for Appellant. William J. Powell, United States Attorney, Wheeling, West Virginia, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Cesar M. Navarro of various offenses stemming from his participation in a methamphetamine trafficking conspiracy. On appeal, Navarro challenges the district court's denial of his Fed. R. Crim. P. 33(a) motion seeking a new trial based on the magistrate judge's entry of two protective orders and a purported *Brady** violation. Finding no reversible error, we affirm.

Because Navarro waited until his Rule 33(a) motion to raise the issues he presents on appeal, we review only for plain error. *See United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (providing standard); *see also United States v. Garcia-Lagunas*, 835 F.3d 479, 494 (4th Cir. 2016) (reviewing unpreserved discovery issue for plain error); *United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014) (reviewing unpreserved *Brady* issue for plain error).

Upon a showing of good cause, a district court may enter a protective order to "deny, restrict, or defer discovery or inspection." Fed. R. Crim. P. 16(d)(1). The Government requested that certain discovery materials remain in defense counsel's office or personal custody, expressing concern that, without such restrictions, Navarro could disseminate sensitive discovery materials and jeopardize the safety of confidential informants and other cooperating witnesses. The magistrate judge granted the Government's motions without objection. Because the protection of witnesses is a compelling basis for a protective order, *see* Fed. R. Crim. P. 16(d)(1) advisory

---

* *Brady v. Maryland*, 373 U.S. 83 (1963).

committee's note to 1974 amendment, we reject Navarro's argument that the orders unduly impeded his ability to review the evidence against him, *see United States v. Lee*, 374 F.3d 637, 652 (8th Cir. 2004) (finding no plain error where district court prohibited defendant from accessing information about witnesses to whom he posed threat).

Next, Navarro contends that law enforcement committed a *Brady* violation by seizing but never reviewing videos recorded by his home surveillance system, speculating that this evidence might have established his innocence. To demonstrate a *Brady* violation resulting from the destruction of evidence that may or may not have been exculpatory, the defendant must show that law enforcement acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Here, Navarro fails to identify any admissible evidence indicating that the recordings were destroyed or that law enforcement intentionally neglected to view the surveillance footage for fear that the footage would exculpate him. Thus, we discern no plain error in the district court's denial of Navarro's Rule 33(a) motion premised on this alleged due process violation.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*